UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SHARON BOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-020 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 23. The Commissioner does not oppose the request. Doc. 24. However, because Plaintiff filed her motion outside of the time allowed under the EAJA, it must be **DENIED**. Doc. 23.

On March 6, 2023, the Court reversed and remanded plaintiff's social security appeal to the agency for further consideration, and judgment was entered in plaintiff's favor. Doc. 21 (Order); doc. 22 (Judgment). On June 6, 2023, Plaintiff filed the instant motion requesting attorney's fees under the EAJA. *See* doc. 23. Unfortunately, it was filed a day too late.

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)).  Before a district court can award EAJA attorney's fees, "the claimant must file an application for fees 'within thirty days of final judgment in the action.'" *Meyers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) (quoting 28 U.S.C. § 2412(d)(1)(B)).  "Final judgment" is defined by the statute as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G).  The Supreme Court explained in *Shalala v. Schaefer*, 509 U.S. 292, 303 (1993), that "EAJA's 30-day time limit runs from the *end* of the period for appeal."  The Federal Rules of Appellate Procedure establish that the time for appeal in a civil case to which a federal officer is a party does not end until 60 days after entry of judgment.  *See* Fed. R. App. P. 4(a)(1)(B); *see also Schaefer*, 509 U.S. at 302.  "Therefore, the final day to file a fee application in this case would be 90 days after entry of judgment." *Lane v. United States*, 2019 WL 13207638, at *1 (S.D. Ga. Oct. 7, 2019).

The Court entered its judgment on March 6, 2023. *See* doc. 22. Therefore, the time for appeal expired sixty days later, on May 5, 2023. Fed. R. App. P. 4(a)(1)(B). The thirty-day EAJA clock ran out on Sunday, June 4, 2023, so by operation of Federal Rule of Civil Procedure 6(a)(1)(C), the deadline for filing the motion was the next day, Monday, June 5, 2023. Plaintiff filed her motion on Tuesday, June 6, 2023, 92 days after entry of judgment. *See* doc. 23. It was, therefore, untimely.

Given the Defendant's non-opposition to the motion, the Court has considered whether it might overlook the one-day delay. Unfortunately for Plaintiff, the Eleventh Circuit "has held that this timely filing requirement is jurisdictional in nature; that is, a claimant's failure to file an EAJA application within thirty days of a final judgment no longer appealable precludes the district court from considering the merits of the fee application." *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (citing *Meyers*, 916 F.2d at 666). Therefore, the Plaintiff's Motion for Attorney's Fees is **DENIED**, as untimely. Doc. 23.

**SO ORDERED,** this 21st day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3